*Served 12/30/16*
*In Suit*
*1500010*

A TRUE COPY ATTEST DAVID D. AYLES, PROCESS SERVER AND DISINTERESTED PERSON

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1884CV00278

Matthew Theisz, PLAINTIFF(S),

v.

MBTA, et als., DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO **MBTA** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Suffolk Sup.** Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court <u>and</u> mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, **Suffolk Sup. Ct.** Court, (address) **Three Pemberton Square, Boston, MA 02108**, by mail or in person, AND
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: **Sheff Law, Ten Tremont St., 7th Fl., Boston, MA 02108**.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

MAR 5 2018 PM 2:44

MBTA LAW DEPARTMENT

RECEIVED BY

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on __March 2__, 20_18_

*Michael Joseph Donovan* (signature)

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___    Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

> 3/5/18

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                                                           SUPERIOR COURT
                                                                                                       CIVIL ACTION NO.:

MATTHEW THEISZ,

    *Plaintiff*,

v.

MBTA, DEREK SMITH,
JONATHAN DAVIS, BEVERLY A.
SCOTT, and JOHN & JANE DOE 1-20

    *Defendants*.

## COMPLAINT AND JURY DEMAND

### Introduction

1.    Plaintiff Matthew Thiesz ("Plaintiff"), through his attorney, Doug Sheff, Esq., brings this action for compensatory damages, punitive damages and attorneys' fees and costs for the wrongful and unlawful acts of Defendants Massachusetts Bay Transportation Authority ("MBTA"), MBTA bus driver Derek SMITH ("SMITH"), MBTA General Manager Jonathan Davis ("Davis"), MBTA General Manager Beverly A. Scott ("Scott"), and MBTA Supervisors John and Jane Doe 1-20 (collectively, "Defendants"), in violation of Plaintiff's rights under the laws and Constitution of the United States of America.

2.    This is an action to recover money damages on Plaintiff's behalf arising out of Defendants' violation of Plaintiff's rights upheld by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States of America. The action is based on Defendant SMITH's physical attack on Plaintiff, which deprived Plaintiff of his constitutionally-protected rights to personal privacy and bodily security and to be free from the excessive force use of force against him.

## JURY DEMAND

3. Plaintiff repeats, re-alleges and reiterates each and every paragraph, and/or all factual assertions, as set forth above.

4. Plaintiff demands a trial by jury in this action as to all issues.

## PARTIES

5. Plaintiff repeats, re-alleges and reiterates each and every paragraph, and/or all factual assertions, as set forth above.

6. Plaintiff Matthew Theisz, at all times relevant to this complaint was a resident of Suffolk County, Massachusetts.

7. Defendant MBTA is a body politic corporation and a political subdivision of the Commonwealth of Massachusetts, created by state statute and established by G.L. c. 161A §2, with its principal offices at 10 Park Plaza, Boston, Suffolk County, Massachusetts. It has the capacity to be sued. M.G.L. c. 161A §2.

8. Defendant SMITH is a former employee of the MBTA and a resident of Suffolk County, residing at 499 Huntington Ave, Boston, Massachusetts. SMITH was, at all times relevant to this complaint, acting in his official capacity under color of law as an active employee of the MBTA. Defendant SMITH's actions alleged in this complaint were taken under color of state law. He is sued in his individual and official capacities.

9. Defendants Davis, Scott, and John and Jane Doe 1-20 (collectively "MBTA OFFICIALS") were, at all times relevant to this complaint, officials, managers, and/or supervisory employees of Defendant MBTA who carried out their official duties acting under color of law with the authority attendant to those positions.

10. Defendant Davis was, at all times relevant to this complaint, acting in his official capacity as General Manager of the MBTA from 2011–2012. Defendant Davis's actions alleged in this complaint were taken under color of state law. He is sued in his individual and official capacities.

11. Defendant Scott was, at all times relevant to this complaint, acting in her official capacity as General Manager of the MBTA from 2012–2015. Defendant Scott's actions alleged in this complaint were taken under color of state law. She is sued in her individual and official capacities.

12. Defendants John and Jane Doe 1-20, (Collectively "Doe Defendants") were at all times relevant to this complaint, acting in their official capacity as MBTA Supervisors and/or Managers. The Doe Defendant's actions alleged in this complaint were taken under color of state law. They are sued in their individual and official capacities.

## FACTS

13. Plaintiff repeats, re-alleges and reiterates each and every paragraph, and/or all factual assertions, as set forth above.

### Use of Excessive & Unreasonable Force

14. On or about March 3, 2015, Mr. Theisz was waiting for a bus at the Central Square MBTA bus stop in Lynn, Massachusetts. Defendant, MBTA bus driver Derek SMITH, drove MBTA bus #896 to the Central Square Lynn bus stop. Mr. Theisz approached bus driver, Derek SMITH to ask for directions. Defendant SMITH exited MBTA bus #896 which he was operating and violently attacked Mr. Theisz striking him with his fists and feet. The unprovoked attack continued while Mr. Theisz was on the ground and Derek SMITH proceeded to strike and kick Mr. Theisz in the head causing serious traumatic brain injury.

15. Defendant SMITH's actions were taken in retaliation against Mr. Theisz for attempting to stop the bus and ask for directions. Defendant SMITH's conduct, caused physical injury, property damage, and emotional distress.

16. Defendant SMITH violated Mr. Theisz' rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

17. The MBTA and MBTA OFFICIALS are sued for allowing a policy or custom to develop within its transportation department of failing to properly supervise employees, investigate complaints, misconduct, and discipline misconduct of MBTA employees.

18. The MBTA and MBTA OFFICIALS repeatedly ignored alerts, complaints, and known or suspected acts of misconduct by MBTA employees.

19. The MBTA and MBTA OFFICIALS allowed and condoned repeated misconduct and violent behavior by MBTA employees.

20. These policies and customs allowed MBTA employees to believe they could violate the constitutional rights of civilians like Mr. Theisz with impunity.

3

21. The MBTA and MBTA OFFICIALS followed a practice of reckless indifference to instances of known or suspected inappropriate behavior, excessive force, and violence by MBTA employees.

22. On or about March 3, 2015, the Defendant MBTA owned, operated, and controlled individually and/or through agents, servants, or employees MBTA bus #896.

23. At all times relevant to this complaint Defendant SMITH was an employee of Defendant MBTA acting under color of law. "

24. On or about March 3, 2015, Defendant SMITH was acting within the scope of his employment under color of law as the driver of MBTA bus #896.

25. On or about March 3, 2015, at approximately 10:45 p.m. Defendant SMITH was operating MBTA bus #896 in the area of Central Square in Lynn, Massachusetts.

26. On or about March 3, 2015 at the Central Square Lynn bus stop Mr. Theisz asked Defendant SMITH for directions.

27. Defendant SMITH exited the bus he was operating and violently attacked Matthew Theisz striking him with his fists and feet.

28. The unprovoked attack continued while Matthew Theisz was on the ground and Derek SMITH proceeded to strike and kick Mr. Theisz in the head causing serious traumatic brain injury.

29. The unprovoked attack continued while Matthew Theisz was on the ground and Derek SMITH proceeded to strike and kick Mr. Theisz in the head causing serious and diverse injuries including but not limited to: traumatic brain injury.

30. Defendant SMITH used unnecessary and excessive force against Mr. Theisz.

31. The incident was recorded by cameras at the MBTA station and show Defendant SMITH using unnecessary and excessive force against Mr. Theisz.

32. Defendant SMITH was charged with assault and battery with a dangerous weapon in Lynn District Court. Defendant SMITH's case was later moved to Essex Superior Court.

### Plaintiff Suffered Harm

33. Mr. Theisz was left laying battered and bleeding from his head and face in the snow after Defendant's SMITH used excessive force against him.

34. Mr. Theisz was transported to Union Hospital via ambulance.

35. Mr. Theisz had several lacerations and abrasions to his head and neck.

36. CT of Mr. Theisz's head showed a subdural hematoma.

37. Due to the severity of Mr. Theisz's injuries he was transferred to Massachusetts General Hospital (MGH) for further treatment.

38. Mr. Theisz was diagnosed with a traumatic brain injury as a result of Defendant SMITH's use of excessive force.

39. Mr. Theisz suffered permanent physical and emotional harm as well as financial loss as a result of Defendant SMITH's use of excessive force against him.

40. Plaintiff has been put to great expense for medicine, medical attention and nursing in an amount of substantial sums, and was for a long period of time unable to attend to Plaintiff's usual duties, all to his great detriment and loss.

41. Mr. Theisz continues to experience significant pain and will require regular medical treatment and intervention for the foreseeable future.

42. Mr. Theisz is now completely disabled and unable to work as a result of the Defendant SMITH's use of excessive force.

### The Policies and Customs of the MBTA and MBTA Officials Caused Defendant SMITH's Misconduct

43. The MBTA and MBTA OFFICIALS allowed policies or customs to develop that have caused MBTA employees to believe they can violate the Constitution with impunity.

44. These policies or customs were the moving force behind the misconduct that resulted in the violation of Mr. Theisz' constitutional rights.

### The MBTA Hired Defendant SMITH Despite Warnings

45. Before hiring Defendant SMITH as a bus driver, the MBTA and MBTA OFFICIALS obtained additional information indicating that he was poorly suited to work as a bus driver. This included knowledge of Defendant SMITH's history of assault and battery.

46. The MBTA and MBTA OFFICIALS nevertheless decided to hire Defendant SMITH as a bus driver, ignoring these and other serious warning signs that Defendant SMITH was prone to violence and not temperamentally suited to employment as a bus driver.

### The MBTA and MBTA OFFICIALS Failed to Properly Supervise Defendant SMITH Prior His Assault on Mr. Theisz

47. Defendant MBTA and MBTA OFFICIALS failed to properly supervise Defendant SMITH after hiring him as a bus driver.

48. On information and belief, Defendant SMITH began working for the MBTA in 2011.

49. Before the incident with Mr. Theisz, Defendant SMITH had multiple violent altercations with patrons and police which included an unreasonable use of force on a passenger while driving an MBTA bus.

### Defendant SMITH used excessive and unreasonable force against another passenger in 2013

50. On October 13, 2013, Defendant SMITH was involved in an altercation with bus passenger, Douglas Bergeron, while in the scope of his employment and under color of law.

51. Defendant SMITH was driving an MBTA bus when he and Bergeron began arguing. Defendant SMITH then became violent, strangling Mr. Bergeron and leaving his seat while the bus was still moving.

52. As the altercation continued Defendant SMITH allowed the unmanned bus to veer into several cars.

53. The altercation was captured on video.

54. The MBTA and MBTA OFFICIALS released a short portion of the video which purported to show Bergeron as the aggressor and minimize Defendant SMITH's role in the altercation.

55. The MBTA and MBTA OFFICIALS purposely attempted to conceal Defendant SMITH's violent behavior towards passengers by editing the video of the altercation.

56. The MBTA and MBTA OFFICIALS was aware of the altercation and Defendant SMITH was not suspended as a result of this incident and the MBTA and MBTA OFFICIALS took no action to change his pattern of misconduct towards civilians.

### Defendant SMITH was arrested in 2014

57. On February 6, 2014, Defendant SMITH was arrested by East Boston Police for refusing to provide police with a license or registration and resisting arrest while in the scope of his employment as an MBTA bus driver.

58. The MBTA and MBTA OFFICIALS was aware of Defendant's SMITH's 2014 arrest and conducted an investigated of the 2014 incident.

59. The MBTA and MBTA OFFICIALS concluded that Defendant SMITH did not act inappropriately, and Defendant SMITH was not suspended as a result of this incident and the MBTA and MBTA OFFICIALS took no action to change his pattern of misconduct.

### The MBTA and MBTA OFFICIALS has a pattern of allowing drivers to behave inappropriately, and violate passenger's constitutional rights

60. Longtime MBTA bus driver Shanna Shaw was charged with obstruction of justice in May 2014 stemming from a crash in Newton that injured eight people and left the bus teetering over the westbound side of the Mass Pike. Witnesses alleged Shaw was using her cellphone while driving.

61. In January 2013, a 12-year veteran MBTA bus driver was suspended after a passenger posted a picture on Twitter that allegedly showed him sleeping behind the wheel. The photo showed the driver slumped over in the driver's seat of a bus parked at Waverly Square in Belmont.

62. In May 2009, MBTA trolley operator Aiden Quinn, 26, of Attleboro was texting on his cellphone when he caused a collision in the Green Line tunnel between Government Center and Park Street stations that sent 64 people to the hospital and caused $10 million worth of damage. Quinn was later sentenced to 100 hours of community service and two years' probation.

63. In January 2011, MBTA bus driver Audrey Arrington was suspended with pay after she was accused of taking dozens of terrified Boston Latin School student on a wild ride off their scheduled school route because the students were constantly pushing the bell to get off the bus.

64. A 13-year veteran bus driver was suspended with pay in August after a cell phone video was posted online that appears to show her attacking a passenger after the rider threw a drink on her. The rider in the video, Husniya Anderson, 32, of Dorchester, said the driver attacked her while she was holding her 3-year old daughter.

65. Defendant MBTA has a clearly established pattern of failing to property train, evaluate, and discipline it's employees.

### The Effect of the MBTA and MBTA OFFICIALS Policies and Customs

66. For years before Defendant SMITH's termination, the policies and customs of the MBTA and MBTA OFFICIALS allowed supervisors to ignore the repeated warning signs about Defendant SMITH's violent conduct. Even after video evidence in this incident showed Defendant SMITH using improper force, supervisors approved his actions and attempted to conceal his involvement.

67. The MBTA and MBTA OFFICIALS allowed a policy or custom to develop where of failing to properly use the early warning system. As a result of this failure, MBTA OFFICIALS ignored repeated alerts and failed to take steps to intervene to prevent MBTA employees including Defendant SMITH, from committing serious violations of civilians' rights.

68. The MBTA and MBTA OFFICIALS allowed a policy or custom of failing to properly investigate allegations of misconduct by its drivers. This is exemplified by the cursory investigation of followed by its exoneration of Defendant SMITH, a determination that means the event happened but was handled appropriately.

69. The MBTA and MBTA OFFICIALS continued failure to properly train and discipline employees as well as the documented approval of Defendant's prior use of unreasonable force amounts to deliberate indifference to the obvious need for such training and disciplinary measures and led to Defendant's SMITH's continued violent behavior and his use of excessive force upon Mr. Theisz.

## COUNT I V. DEREK SMITH

*Excessive Force under 42 U.S.C. § 1983*

70. Plaintiff repeats, re-alleges and reiterates each and every paragraph, and/or all factual assertions, as set forth above.

71. Defendant SMITH used excessive and objectively not reasonable force on Mr. Theisz while acting under color of law as an employee of the MBTA.

72. Defendant SMITH thereby deprived Mr. Theisz of his right to protection against unreasonable seizures of his person, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

73. As a direct and proximate result of Defendants' actions, Mr. Theisz suffered the injuries described above.

74. Defendant SMITH's above-described actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff demands judgment against Defendant in an amount to be determined by the Court to be fair and just, including interest, costs, attorney's fees, and such other damages as may apply.

## COUNT II V. DEREK SMITH

*Violation of Substantive Due Process under Sec. 1983*

75. Plaintiff repeats, re-alleges and reiterates each and every paragraph, and/or all factual assertions, as set forth above.

76. Plaintiff has a constitutionally protected liberty interest in the security of his person.

77. By brutally attacking Plaintiff, Defendant SMITH deprived Plaintiff of his constitutionally protected liberty interest in the security of his person.

78. The viciousness of Defendant SMITH's attack on Plaintiff and the severity of injuries that Plaintiff suffered from it shocks the conscience and is a gross abuse of government authority.

79. Defendant SMITH therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

9

80. Defendant SMITH's above-described actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff demands judgment against Defendant in an amount to be determined by the Court to be fair and just, including interest, costs, attorney's fees, and such other damages as may apply.

## COUNT III V. THE MBTA AND MBTA OFFICIALS
### *Failure to Supervise under 42 U.S.C. § 1983*

81. Plaintiff repeats, re-alleges and reiterates each and every paragraph, and/or all factual assertions, as set forth above.

82. The MBTA and MBTA OFFICIALS failed to supervise Defendant SMITH and allowed the policies and customs described above to exist.

83. These policies and customs of the MBTA and MBTA OFFICIALS allowed Defendant SMITH to believe that he could commit misconduct against the Plaintiff with impunity and violate his constitutional rights.

84. The conduct of the MBTA and MBTA OFFICIALS is a brutal abuse of power which shocks the conscience.

85. The policies and customs of the MBTA and MBTA OFFICIALS were the moving force behind the actions that resulted in the violations of Plaintiff's civil rights.

86. THE MBTA and MBTA OFFICIALS took action that violated the fundamental rights of plaintiff's freedom to liberty of person.

87. The MBTA and MBTA OFFICIALS had actual or constructive knowledge that subordinate SMITH was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff.

88. The MBTA and MBTA OFFICIALS response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices.

89. The administrative negligence of the MBTA and MBTA OFFICIALS in failing to adequately address Defendant SMITH's inappropriate behavior after having actual or constructive knowledge rises to the level of deliberate indifference to or reckless disregard for the safety of the citizens like the Plaintiff.

90. Before hiring Defendant SMITH as a bus driver, the MBTA obtained additional information indicating that he was poorly suited to work as a bus driver. This included knowledge of Defendant SMITH's history of assault and battery.

91. The MBTA nevertheless decided to hire Defendant SMITH as a bus driver, ignoring these and other serious warning signs that Defendant SMITH was prone to violence and not temperamentally suited to employment as a bus driver.

92. Defendant MBTA failed to properly supervise Defendant SMITH after hiring him as a bus driver.

93. On information and belief, Defendant SMITH began working for the MBTA in 2011.

94. Before the incident with Mr. Theisz, Defendant SMITH had multiple violent altercations with patrons and police which included an unreasonable use of force on a passenger while driving an MBTA bus.

95. On October 13, 2013, Defendant SMITH was involved in an altercation with bus passenger, Douglas Bergeron, while in the scope of his employment and under color of law.

96. Defendant SMITH was driving an MBTA bus when he and Bergeron began arguing. Defendant SMITH then became violent, strangling Mr. Bergeron and leaving his seat while the bus was still moving. As the altercation continued Defendant SMITH allowed the unmanned bus to veer into several cars.

97. The altercation was captured on video.

98. The MBTA released a short portion of the video which purported to show Bergeron as the aggressor and minimize Defendant SMITH's role in the altercation.

99. The MBTA purposely attempted to conceal Defendant SMITH's violent behavior towards passengers by editing the video of the altercation.

100. The MBTA was aware of the altercation and Defendant SMITH was not suspended as a result of this incident and the MBTA took no action to change his pattern of misconduct towards civilians.

101. THE MBTA and MBTA OFFICIALS were aware of Defendant's SMITH's arrest on February 6, 2014, by East Boston Police for refusing to provide police with a license or registration and resisting arrest while in the scope of his employment as an MBTA bus driver.

102. THE MBTA and MBTA OFFICIALS concluded that Defendant SMITH did not act inappropriately, and Defendant SMITH was not suspended as a result of this incident and the MBTA and MBTA OFFICIALS took no action to change his pattern of misconduct.

103. THE MBTA and MBTA OFFICIALS has a clearly established pattern of failing to property train, evaluate, and discipline its employees.

104. There is an affirmative causal link between the MBTA and MBTA OFFICIALS inaction regarding SMITH's prior inappropriate behavior and the injuries suffered by the plaintiff as a result of SMITH's behavior.

105. As a direct and proximate result of Defendants' actions, Mr. Theisz suffered the injuries described above.

WHEREFORE, the Plaintiff demands judgment against Defendants in an amount to be determined by the Court to be fair and just, including interest, costs, attorney's fees, and such other damages as may apply.

## COUNT IV V. THE MBTA AND MBTA OFFICIALS
### *Municipal Liability under 42 U.S.C. § 1983*

106. Plaintiff repeats, re-alleges and reiterates each and every paragraph, and/or all factual assertions, as set forth above.

107. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to him by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

108. The acts of the individual defendants named herein were committed while they were carrying out their official duties as officials and supervisory employees of Defendant MBTA, with the authority attendant to those positions, under color of state law.

109. The acts of the individual defendants complained of herein were committed pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant MBTA, all under the supervision of MBTA OFFICIALS and supervisory employees of the MBTA.

110. The foregoing customs, policies, usages, practices, procedures, and rules of Defendants MBTA and MBTA OFFICIALS produced a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

111. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant MBTA and MBTA OFFICIALS were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

112. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant MBTA and MBTA OFFICIALS were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

113. The MBTA and MBTA OFFICIALS, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

114. The MBTA and MBTA OFFICIALS, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate MBTA officials and were directly responsible for the violation of Plaintiff's constitutional rights.

115. The MBTA and MBTA OFFICIALS, as policymakers in the training and supervision of its bus drivers, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violations of their right to protection from the use of excessive force against them and unreasonable seizure of their persons, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

116. All of the foregoing acts by Defendants deprived Plaintiff of federally-protected rights, including, inter alia, the right to be free from the use of excessive force against him and unreasonable seizure of his person.

**WHEREFORE**, the Plaintiff demands judgment against Defendants in an amount to be determined by the Court to be fair and just, including interest, costs, attorney's fees, and such other damages as may apply.

### COUNT V V. THE MBTA AND MBTA OFFICIALS
*VIOLATION OF MASS. CIVIL RIGHTS ACT M.G.L. c. 12, sec. 11*

117. Plaintiff repeats, re-alleges and reiterates each and every paragraph, and/or all factual assertions, as set forth above.

118. At all times relevant herein, the conduct of all Defendants was subject to the Massachusetts Civil Rights Act.

119. As described above, Defendants interfered with Plaintiff's exercise and enjoyment of his rights -- e.g., his rights to his liberty -- secured by the state and federal constitutions or laws of the United States and/or the Commonwealth of Massachusetts.

120. Thus, under color of state, Plaintiff's liberty was threatened, and he was intimidated and coerced into not enforcing his right to living in his home.

121. Defendants are liable under the doctrine of respondeat superior.

122. As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered the injuries described above.

WHEREFORE, the Plaintiff demands judgment against Defendant in an amount to be determined by the Court to be fair and just, including interest, costs, attorney's fees, and such other damages as may apply.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

Respectfully Submitted,
The Plaintiff,
By his attorneys,

Frank J. Federico, Jr., BBO # 550193
Kelsey R. Raycroft, BBO # 692102
SHEFF LAW OFFICES, P.C.
Ten Tremont Street, 7th Floor
Boston, MA 02108
(617) 227-7000
FFederico@Shefflaw.com
KRaycroft@Shefflaw.com

Dated: 1/26/18

14

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Matthew Theisz <br> ADDRESS: | | COUNTY <br> Suffolk |
| | DEFENDANT(S): | (1) MBTA, JONATHAN DAVIS, BEVERLY A. SCOTT, JOHN & JANE DOE 1-20 |
| ATTORNEY: Kelsey Raycroft (692102) Frank Federico Jr. (550193) | | (2) DEREK SMITH, |
| ADDRESS: Sheff Law Offices, 10 Tremont Street, 7th Floor, Boston, MA 02108 | ADDRESS: | (1) 10 Park Plaza, Boston, Massachusetts |
| | | (2) 499 Huntington Ave, Boston, Massachusetts |
| BBO: 692102, 550193 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AE1 | Administrative Action involving MBTA | A | ☒ YES ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................................................ $ 146,517.15
2. Total doctor expenses ................................................................................................. $
3. Total chiropractic expenses ........................................................................................ $
4. Total physical therapy expenses ................................................................................. $
5. Total other expenses (describe below) ....................................................................... $
                                                                                              Subtotal (A): $ 146,517.15

B. Documented lost wages and compensation to date ......................................................... $
C. Documented property damages to dated ........................................................................ $ 100,000.00
D. Reasonably anticipated future medical and hospital expenses ........................................ $ 2,000,000.00
E. Reasonably anticipated lost wages .................................................................................. $ 2,500,000.00
F. Other documented items of damages (describe below) .................................................. $
Pain & Suffering, cognitive impairment, loss of enjoyment

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Traumatic brain injury, hearing loss, lacerations, contusions, stitches to head and face, scarring.

                                                                                              TOTAL (A-F): $ 4,746,517.15

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                                                                              TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X                                                  Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.
Theisz v. Derek Smith & MBTA (Suffolk Docket No. 1684CV0300)

### CERTIFICATION PURSUANT TO SJC RULE 1:18
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                                          Date: 1/26/18

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1884CV00278 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Matthew Theisz vs. MBTA | | Michael Joseph Donovan, Clerk of Court |
| TO: Frank J Federico, Jr., Esq. Sheff Law Offices 10 Tremont St 7th Floor Boston, MA 02108 | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION                                     DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/26/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 05/29/2018 | |
| All motions under MRCP 12, 19, and 20 | 05/26/2018 | 06/25/2018 | 07/25/2018 |
| All motions under MRCP 15 | 03/22/2019 | 04/22/2019 | 04/22/2019 |
| All discovery requests and depositions served and non-expert despositions completed | 01/16/2020 | | |
| All motions under MRCP 56 | 02/17/2020 | 03/16/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/14/2020 |
| Case shall be resolved and judgment shall issue by | | | 01/25/2021 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 01/29/2018 | ASSISTANT CLERK Christine M Hayes | PHONE (617)788-8175 |
|---|---|---|

Date/Time Printed: 01-29-2018 12:33:04                                                                                                          SCV026\ 11/2014